LAGESEN, P. J.
*387 *381 Defendant appeals from a judgment of conviction for possession of methamphetamine, ORS 475.894, and menacing, ORS 163.190. He seeks reversal of the conviction for possession, assigning error to the trial court's denial of his motion to suppress the evidence of the methamphetamine. The methamphetamine was discovered during an inventory search of defendant's belongings after the Salem Police arrested him for menacing. Defendant contends that the search was not authorized by the Salem Police Department's inventory policy and violated Article I, section 9, of the Oregon Constitution, for that reason. Alternatively, defendant argues that the Salem Police Department's inventory policy is unconstitutionally overbroad and that the search violated Article I, section 9, for that reason. Accepting the trial court's supported factual findings and reviewing for legal error, State v. Ehly , 317 Or. 66, 75, 854 P.2d 421 (1993), we affirm.
We state the facts-which are few-in accordance with the trial court's explicit and implicit findings. The search at issue was conducted under a provision of the Salem Police Department's inventory policy. The pertinent part of the policy states:
"A. An inventory of personal property found during the search of any subject taken into police custody shall include the opening of any closed containers found in the possession of the subject in police custody under the following circumstances:
"1. The closed container is designed for holding U.S. currency, coins, and/or other valuables, including but not limited to, purses, coin purses, wallets, fanny packs, backpacks, briefcases, and jewelry pouches[.]"
The policy further explains that its purpose, among other things, is to "[i]dentify and protect the property while it is in police custody" and to "[r]educe or eliminate false claims against the police for damage to or loss of the property." Applying that policy, Salem Police Officer Adams opened a hard, black, nylon case that he found in defendant's backpack *382 upon defendant's arrest.[1] From its outward appearance, the case looked to be a container for holding a small external computer hard drive or a small video game console, such as a Nintendo Game Boy.
In denying defendant's motion to suppress, the trial court concluded that the search of the case was authorized by the policy because, from an objective standpoint, it appeared to be "designed for" holding small electronics. The court reasoned that small electronics are "valuables" under our en banc decision in State v. Johnson , 153 Or.App. 535, 958 P.2d 887, rev. den. , 327 Or. 554, 971 P.2d 410 (1998), in which we upheld an inventory search of a briefcase on the ground that a briefcase is the type of container that typically contains "articles like money, credit cards, valuable papers, a lap top computer or a calculator." Id. at 542, 958 P.2d 887. The court rejected defendant's alternative argument that the policy was unconstitutionally overbroad because it gives officers too much discretion as to what closed containers to search, such that searches conducted under it violate Article I, section 9. Defendant challenges both components of the court's ruling on appeal.
As to whether the search was authorized by the policy, the policy, by its terms, requires the search of any closed container "designed for" holding valuables. The policy does not define the term "valuables," but it does include a short list-"U.S. currency, coins"-and also includes examples of types of containers that can be searched for "valuables," including "fanny packs, backpacks, [and] briefcases." Although cases for small electronics are not on the list, the list is not exclusive. We conclude that cases for small electronics fall within the scope of "closed containers" designed for holding "other valuables." This is consistent with the policy's stated purpose-to protect property and to guard against false claims for damage or loss of property. Given their typical expense, *388 small electronics represent a category of property that has the potential to subject police to claims for loss or damage, as we recognized in Johnson . Id . For that reason, the trial court correctly concluded that the search of the case was authorized by the Salem Police Department's policy. *383 As to whether the policy is unconstitutionally overbroad for giving officers too much discretion as to what containers to search, defendant correctly points out that the lack of a definition of "valuables" means that officers necessarily have some discretion to determine what constitutes a valuable and, thus, some discretion as to whether to conduct a search. However, our case law establishes that the level of discretionary judgment involved in determining what constitutes a valuable does not render an inventory policy unconstitutionally overbroad under Article I, section 9. We repeatedly have explained that a "requirement that officers open every closed container that is designed or objectively likely to contain valuables serves as the constitutionally necessary constraint on the exercise of individual officers' discretion." State v. Hite , 266 Or.App. 710, 720, 338 P.3d 803 (2014) (citing State v. Mundt/Fincher , 98 Or.App. 407, 413-14, 780 P.2d 234, rev. den. , 308 Or. 660, 784 P.2d 1102 (1989) ); see also State v. Guerrero , 214 Or.App. 14, 19-21, 162 P.3d 1048 (2007) (discussing cases). In so doing, we have recognized-at least implicitly-that "valuables" represent a category of property with sufficiently clear boundaries to impose the constitutionally required limitation on officer discretion. To conclude otherwise would run contrary to our reasoning in the above cases. For that reason, the trial court did not err in rejecting defendant's argument that the inventory policy was unconstitutionally overbroad.
Affirmed.

There is no dispute as to whether Adams permissibly opened the backpack.